J-S05006-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| BRIAN CHRISTOPHER POPE, JR. | : | |
| Appellant | : | No. 333 WDA 2017 |

Appeal from the PCRA Order January 26, 2017
In the Court of Common Pleas of Bedford County Criminal Division at
No(s):  CP-05-CR-0000101-2013

BEFORE:   OLSON, J., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                    FILED APRIL 17, 2018

Appellant, Brian Christopher Pope, Jr., appeals from the order entered on January 26, 2017 that denied his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On January 27, 2014, a jury convicted Appellant of robbery-threat of immediate serious bodily injury, conspiracy to commit robbery, receiving stolen property, robbery-inflict bodily injury, possession of firearm by prohibited person, theft by unlawful taking-movable property, conspiracy to commit theft, terroristic threats (two counts), and recklessly endangering another person (two counts).  Appellant's convictions arose from a February 18, 2013 incident in which he and his co-defendant committed a gunpoint robbery of three drug dealers during a marijuana transaction.  On March 21, 2014, the trial court sentenced Appellant to an aggregate term of 19 to 41

_____

*   Retired Senior Judge assigned to the Superior Court.

years' incarceration.[1]   This Court affirmed Appellant's convictions and judgment of sentence on May 12, 2015.

On June 1, 2015, Appellant timely filed a pro se petition seeking collateral relief under the PCRA. The PCRA court appointed counsel, who filed an amended petition on August 3, 2016.  The PCRA court held evidentiary hearings on September 22, 2016 and November 9, 2016.  Thereafter, the PCRA court denied Appellant's petition by opinion and order issued on January 26, 2017.  This appeal followed.[2]

Appellant's brief raises the following claims for our review:

Whether or not the [PCRA court] erred or abused its discretion by finding that [Appellant] did not receive ineffective assistance of counsel that so undermined the truth-determining process that no reliable adjudication could occur when counsel misadvised [Appellant] about the potential sentence?

Whether or not the [PCRA court] erred or abused its discretion by finding that [Appellant's] rejection of the plea offer was knowing, intelligent, or voluntary because he did not understand the definition of key legal terms or the importance of certain facts?

_____

[1] The court determined that Appellant's conviction for robbery-inflict bodily injury, as well as his conviction for two counts of reckless endangerment, merged with other offenses.  Hence, the court did not impose a sentence for these crimes.

[2] Appellant filed a timely notice of appeal on February 23, 2017. Subsequently, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant filed his concise statement on March 17, 2017.  The PCRA court issued an order on April 6, 2017 adopting its prior opinion as a statement of its reasons for denying Appellant's PCRA petition.

Whether or not Pennsylvania [l]aw should require that a court verify that a [d]efendant understands the consequences of foregoing the last, best offer prior to moving forward with a trial?

Appellant's Brief at 4.

Appellant's claims challenge an order denying collateral relief under the PCRA. "Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record and whether its conclusions of law are free from legal error." Commonwealth v. Koehler, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." Id. A petitioner is eligible for collateral relief only if he pleads and proves by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." Commonwealth v. Spotz, 18 A.3d 244, 259 (Pa. 2011) (citation omitted). "[This Court, however,] applies a de novo standard of review to the PCRA court's legal conclusions." Id.

In his first claim, Appellant asserts that he is entitled to collateral relief because he met his burden of establishing by a preponderance of the evidence that he rejected the Commonwealth's last plea offer and opted to proceed to trial because of deficient advice offered by counsel. Specifically,

Appellant claims that counsel assured him that he would prevail before the jury, that the worst sentence he would receive would be five to 10 years' incarceration, and that the minimum anticipated sentence following trial would not be substantially longer than the maximum punishment included in the Commonwealth's plea offer.

The PCRA court rejected these claims largely because it credited the testimony of trial counsel and rejected that offered by Appellant. Our review of the certified record confirms the factual findings and credibility determinations made by the PCRA court. At the PCRA hearing, trial counsel testified that he relayed to Appellant each plea offer extended by the Commonwealth. This included the Commonwealth's final plea offer of 18 to 36 months' incarceration. Trial counsel described this offer as a "gift" and strongly urged Appellant to accept it. Counsel stated, however, that the ultimate decision to accept the plea was for Appellant, who declined it. Other evidence in the record supports trial counsel's testimony that Appellant was aware of the Commonwealth's final plea offer and made an independent choice to reject it. During a brief colloquy conducted by the trial court immediately before the commencement of trial, Appellant advised the court that he discussed the Commonwealth's last offer with trial counsel and that he decided to reject it. N.T. Trial, 1/27/14, at 9. Moreover, Appellant prepared a handwritten note that he attached to his presentence investigation report and forwarded to the sentencing court. In the note,

Appellant states: "I could of took [sic] that 18-36 months and been o.k. with no worries on when I was coming home, but God told me to go to trial and when I went I was convicted of all most [sic] everything[.]" Presentence Investigation Report, 3/18/14. Based upon our review of the record, the PCRA court did not err or abuse its discretion in rejecting Appellant's claim that counsel's actions or omissions led him to reject the Commonwealth's final plea offer.

Appellant's next claim asserts that counsel's performance was deficient because he failed to clarify the term "consecutive sentences" or explain the significance of the firearm for purposes of Appellant's conviction or sentence. The PCRA court rejected these contentions, finding them factually inconsistent with the record. See PCRA Court Opinion, 1/26/17, at 3-4 (noting that counsel's pretrial letter addressed any issues about the significance of the firearm and further stating that both the trial court and counsel explained the possibility of consecutive sentences). We agree that the PCRA court's rulings find support in the record. Hence, we deny relief on this claim.

In his final claim, Appellant asks this Court to declare that, as a matter of Pennsylvania law, a trial court must confirm that a criminal defendant understands the consequences of rejecting the Commonwealth's final plea offer before moving forward with a trial. We decline to resolve this issue on the record before us. Assuming, without deciding, that the law of

Pennsylvania imposed such a requirement upon the trial court, Appellant still would not be entitled to relief. As we indicated above, the trial court confirmed that Appellant reviewed the Commonwealth's final offer with his attorney. See N.T. Trial, 1/27/14, at 9. In addition, the court advised Appellant that he faced a five-year mandatory sentence on the robbery charge and noted that Appellant was subject to consecutive sentences in the event of conviction on multiple charges. See id. at 8-11. The Commonwealth also added that Appellant would face significantly more time than the mandatory five-years on the robbery charge if the jury convicted on all charges. See id. at 10-11. Despite these admonitions, Appellant stated that he would not accept the Commonwealth's plea offer. In light of the Appellant's receipt of substantial protections prior to proceeding to trial, we need not reach Appellant's final claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2018